**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| EATON VETERINARY ) | |
| PHARMACEUTICAL, INC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 4:15-CV-687-SRB |
| ) | |
| WEDGEWOOD VILLAGE ) | |
| PHARMACY, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant Wedgewood Village Pharmacy, Inc.'s ("Wedgewood") Motion to Dismiss Complaint or in the Alternative to Transfer Venue. (Doc. #6). For the reasons stated herein, the motion is DENIED.

**I.    BACKGROUND**

On September 9, 2015, Plaintiff Eaton Veterinary Pharmaceutical, Inc. ("Eaton") filed its Complaint for patent infringement, an intentional tort. The patent at issue, U.S. Patent No. 6,930,127, covers a veterinary treatment of ophthalmic disease in animals using topical tacrolimus. Defendant is a corporation organized in New Jersey with its principal place of business in New Jersey, and is not a Missouri resident. Defendant used its license from the Missouri Board of Pharmacy to sell its allegedly infringing product in Missouri.

On October 5, 2015, Defendant Wedgewood filed its motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, 12(b)(2) for lack of personal jurisdiction, or 12(b)(3) for improper venue. In the alternative, Defendant asked the Court to transfer the case to the

1

District of New Jersey under 28 U.S.C § 1404(a). The Court heard oral arguments on Defendant's motion on November 17, 2015.

## II.     LEGAL AUTHORITY

Under Fed. R. Civ. P. 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (internal citations omitted); Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015); Hamilton v. Palm, 621 F.3d 816, 817 (8th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Ash v. Anderson Merchs., LLC, No. 14–3258, 2015 WL 4978701, at *1 (8th Cir. 2015).

The court "must take all factual allegations [made by the plaintiff] as true when considering a motion to dismiss." Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007); Data Mfg., Inc. v. United Parcel Service, Inc., 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). However, factual allegations which represent "legal conclusions or formulaic recitation of the elements of a cause of action . . . may properly be set aside." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Iqbal, 556 U.S. at 677) (internal citations omitted). The pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) (internal quotations omitted). "[T]he complaint should be read as a

whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594.

For a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), "[t]he party seeking to invoke the jurisdiction of a federal court bears the burden of establishing that jurisdiction exists." Hicks v. Clay Cnty., 636 F. Supp. 2d 903, 907 (W.D. Mo. 2008). "[T]o defeat a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction." Id. "The [prima facie showing] must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." Miller v. Nippon Carbon Co., 528 F.3d 1087, 1090 (8th Cir. 2008).

"Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a party may move to dismiss an action for improper venue." Bomkamp v. Hilton Worldwide, Inc., No. 4:13-CV-1569-CAS, 2014 WL 897368, at *5 (E.D. Mo. Mar. 6, 2014) (quoting Sudden Valley Supply LLC v. Ziegmann, No. 4:13-CV-53-JCH, 2013 WL 2099440, at *4 (E.D. Mo. May 14, 2013)). "The moving party has the burden of establishing that venue is improper." Id. "Under Rule 12(b)(3) analysis, a district court need not accept the pleadings as true and may consider facts outside of the pleadings." Hesterly v. Royal Caribbean Cruises, Ltd., No. 06-3206-CV-S-RED, 2006 WL 2948082, at *2 (W.D. Mo. Oct. 16, 2006).

### III.  DISCUSSION

#### A.  Fed. R. Civ. P. 12(b)(6)

Plaintiff Eaton brings this suit against Defendant Wedgewood for alleged infringement of U.S. Patent No. 6,930,127 ("Patent"). Plaintiff asserts that Defendant directly infringed the Patent and induced its customers to infringe the Patent. Defendant argues that Plaintiff's claims

consist of wholly conclusory allegations of infringement and fail to allege sufficient facts to support a claim for direct or induced infringement. The Court addresses Plaintiff's claims below.

        i.    Direct Infringement

Direct infringement is governed by 35 U.S.C. § 271(a). "In a complaint for patent infringement under § 271(a), Form 18 of the Federal Rules of Civil Procedure provides the pleading standard." Superior Indus., LLC v. Thor Global Enters. Ltd., 700 F.3d 1287, 1295 (Fed. Cir. 2012) (citations omitted). "Form 18 . . . requires (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." PB & J Software, LLC v. Acronis, Inc., 897 F. Supp. 2d 815, 818 (E.D. Mo. 2012). "Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met . . . [and] need not even identify which claims it asserts are being infringed." In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1335 (Fed. Cir. 2012).

Plaintiff's Complaint alleges jurisdiction (Doc. #1, ¶¶3–6); states Plaintiff owns the patent (Doc. #1, ¶7); states Defendant "advertises, sells and offers to sell the tacrolimus compound set forth in the [Patent]" and "actively and knowingly provides the tacrolimus compound [in the Patent] to its customers" (Doc. #1, ¶¶32–34); gives Defendant notice of its infringement through two separate notices (Doc. #1, ¶¶12, 19); and includes a prayer for relief in the form of an injunction and damages (Doc. #1, p. 6–7). Because the Complaint contains each of Form 18's required elements, the Plaintiff has adequately stated a claim for direct infringement. See, e.g., Superior Indus., LLC, 700 F.3d at 1295 (finding the "complaint []

adequately pleads direct infringement of the [patents]" because the pleading "contains each element of a claim for direct patent infringement" that Form 18 requires).

      ii.    Indirect Infringement

Defendant argues that Plaintiff fails to state a claim for induced infringement because the Complaint does not set forth facts that indicate Defendant had specific intent to induce, or took active steps to encourage, infringement. Plaintiff contends that determining the "meaning and scope" of the claims of the Patent is improper at the motion to dismiss stage, and nonetheless, Plaintiff's allegations are sufficient to state a claim.

Under "35 U.S.C. § 271(b)[,] [w]hoever actively induces infringement of a patent shall be liable as an infringer." Monsanto Co. v. Omega Farm Supply, Inc., 91 F. Supp. 3d 1132, 1137–38 (E.D. Mo. 2015). "Unlike direct infringement, plaintiff's claims for indirect infringement are not governed by Form 18, but by the Iqbal and Twombly plausibility standard." PB & J Software, LLC, 2012 WL 4893678, at *3. "To survive a motion to dismiss, a complaint alleging induced infringement must contain facts plausibly showing that the defendant 'specifically intended [another] to infringe the [plaintiff's] patent and knew that [the other's] acts constituted infringement.'" Monsanto Co., 91 F. Supp. at 1137–38 (quoting In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d at 1339). "This does not mean, however, that [Plaintiff] must prove its case at the pleading stage." Id.

Plaintiff's Complaint alleges that the Defendant knew the Patent prohibits the use of the tacromlimus compound for the treatment of certain eye diseases in dogs, and knew the tacromlimus compound would be provided to and administered by its customers in a manner that infringes the Patent. (Doc. #1, ¶¶18, 21). These allegations, in light of Plaintiff's assertion that Defendant "actively induces its customers . . . through advertis[ing] on its website, direct sales,

publications and catalogs," give rise to a plausible showing Defendant intended to infringe the patent. (Doc. #1, ¶17). Thus, the Court finds Plaintiff has adequately pled an induced infringement claim.

### B. Fed. R. Civ. P. 12(b)(2)

Defendant argues this case should be dismissed for lack of personal jurisdiction. Defendant disputes general jurisdiction arguing it does not have "continuous and systematic activity" in Missouri, and disputes specific jurisdiction arguing it has only tenuous connections to Missouri. (Doc. #16, p. 7; Doc. #16, p. 7–8). Plaintiff points to Defendant's sales in, and shipments to, Missouri, among other activities, to establish both general and specific jurisdiction.

Federal Circuit law governs the issue of personal jurisdiction in a patent case. Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1016 (Fed. Cir. 2009). To determine whether personal jurisdiction exists over an out-of-state defendant, the Federal Circuit analyzes both a forum state's long-arm statute and whether the exercise of jurisdiction comports with due process. Id. at 1017. However, "[t]he reach of a state's long-arm statute is a matter of state law, and 'federal courts are required to accept the interpretation given the statute by the state supreme court[.]'" Myers v. Casino Queen, Inc., 689 F.3d 904, 909 (8th Cir. 2012) (quoting Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 (8th Cir. 1982)). The Missouri Supreme Court, like the Federal Circuit, requires "two separate inquiries: one inquiry to establish if a defendant's conduct was covered by the long-arm statute, and a second inquiry to analyze whether the exercise of jurisdiction comports with due process requirements." Myers, 689 F.3d at 909. The Court addresses each inquiry below.

### i. Missouri Long-Arm Statute

6

"The basis for exercising personal jurisdiction over a non-resident party in Missouri is Missouri's long-arm statute." Myers, 689 F.3d at 910. "Although a plaintiff seeking to predicate long-arm jurisdiction on the accrual of a tort action within the forum state need not make a full showing on the merits that the nonresident defendant committed the tort, a prima facie showing is required to defeat a motion to dismiss for want of jurisdiction." Id. The Missouri long-arm statute provides:

> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts: . . . (3) The commission of a tortious act within this state[.]

Mo. Ann. Stat. § 506.500 (2015). "[F]oreseeability is the standard to be applied when evaluating whether jurisdiction is appropriate over a tortious act occurring in another state with actionable consequences in Missouri." Myers, 689 F.3d at 911; see also Robinson v. Reg'l Med. Ctr. at Memphis, No. 15-00395-CV-W-DGK, 2015 WL 5853143, at *3 (W.D. Mo. Oct. 7, 2015) ("The key to determining whether an act committed in another state has actionable consequences in Missouri is foreseeability."). The showing required of a plaintiff may be less where a non-resident provides a product through the stream of commerce, as opposed to providing a service. Myers, 689 F.3d at 911.

Defendant's conduct indicates it could foresee its actions would result in actionable consequences in Missouri. Defendant gained licensure from the Missouri Board of Pharmacy, presumably to do business in the state, knowing that Missouri residents would seek and use its products. Defendant could have foreseen that Missouri customers to whom it sold and shipped its products would likely use such products within the state. Because it was foreseeable that

Defendant's actions could have consequences felt in Missouri, jurisdiction is authorized under Missouri's long-arm statute.

### ii. Due Process

"Even if personal jurisdiction over a defendant is authorized by the forum state's long-arm statute, jurisdiction can be asserted only if it comports with [the] Due Process Clause." Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 594 (8th Cir. 2011). "Due process requires that a defendant have certain 'minimum contacts' with the forum state for personal jurisdiction to be exercised." Myers, 689 F.3d at 911 (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)). "Contacts with the forum state must be sufficient that requiring a party to defend an action would not 'offend traditional notions of fair play and substantial justice.'" Id. The Eighth Circuit applies "a five-factor test to evaluate whether a defendant's actions are sufficient to support personal jurisdiction: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." Id. "The third factor distinguishes between specific and general jurisdiction." Id. Because Plaintiff asserts Defendant is subject to both general and specific, the Court considers each below.

#### a. General Jurisdiction

"If a court has general jurisdiction over a defendant it can 'adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'" Viasystems, Inc., 646 F.3d at 595 (quoting Miller, 528 F.3d at 1091). "The Missouri Supreme Court has held that general jurisdiction is properly asserted over an out-of-state corporation, under Missouri Law, when that corporation is 'present and conducting substantial business in Missouri.'"

Viasystems, Inc., 646 F.3d at 595 (quoting State ex rel. K–Mart Corp. v. Holliger, 986 S.W.2d 165, 167 (Mo. banc 1999)). "For a corporation, the paradigm forum is 'one in which the corporation is fairly regarded as at home,' such as its place of incorporation and principal place of business." Jennings v. Bonus Bldg. Care, Inc., No. 4:13-CV-663-W-DGK, 2014 WL 1806776, at *3 (W.D. Mo. May 7, 2014) (quoting Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014)).

Defendant is neither incorporated in Missouri, nor has its principal place of business here. See, e.g., Neeley v. Wyeth LLC, No. 4:11-CV-00325-JAR, 2015 WL 1456984, at *3 (E.D. Mo. Mar. 30, 2015) ("Defendants are not subject to [general] jurisdiction in Missouri [because] [n]one of the [Defendants] are incorporated in Missouri, nor do they have their principal places of business here"). Although Defendant is licensed to sell pharmaceutical products in Missouri and ships a small amount of product there, without more, such contact cannot be said to establish a "continuous and systematic" affiliation that would render it at home in the state sufficient to support general jurisdiction. See Cromeans v. Morgan Keegan & Co., No. 2:12-CV-04269-NKL, 2014 WL 1375038, at *12 (W.D. Mo. Apr. 8, 2014) (finding no general jurisdiction where "[Defendants do] not have any offices or own any real estate in Missouri . . . [are] not registered to do business in Missouri . . . [do] not maintain an address, telephone number, or bank account in Missouri, and [do] not employ any individuals in Missouri"). As a result, this Court finds it lacks general jurisdiction.

   b. Specific Jurisdiction

"Specific personal jurisdiction, unlike general jurisdiction, requires a relationship between the forum, the cause of action, and the defendant." Myers, 689 F.3d at 912. "The exercise of specific jurisdiction is permissible if a defendant purposefully directs its activities at residents of the forum state, 'and the litigation results from alleged injuries that arise out of or

9

relate to those activities[.]'" Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). The Eighth Circuit finds "specific jurisdiction is warranted when the defendant purposely directs its activities at the forum state and the litigation 'result[s] from injuries . . . relating to [the defendant's] activities [in the forum state.]'" Id. at 912–13 (quoting Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008)). The Eighth Circuit also "consider[s] 'the totality of the circumstances in deciding whether personal jurisdiction exists[.]'" Id. (quoting K–V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 592–93 (8th Cir. 2011).

Defendant purposefully directed its activities at Missouri residents when it gained licensure from the Missouri Board of Pharmacy to sell pharmaceutical products in the state, sold and shipped product to Missouri customers, and solicited business from Missouri residents through its website and other advertising avenues. See Doc. #13-2; see, e.g., Cromeans, 2014 WL 1375038, at *13 ("Holding a Missouri bar license and using it to practice law in Missouri would almost certainly subject these [Defendants] to specific jurisdiction for matters arising from these Missouri contacts."). This infringement claim relates to Defendant's conduct because its actions led Missouri residents to have access to purchase, and use, its products. After considering the totality of the circumstances, and viewing the evidence in the light most favorable to the Plaintiff, this Court finds it has specific jurisdiction.

Having determined the third factor satisfies due process, the Court applies the remaining four factors. Although the first two factors—the nature, quality, and quantity of Defendant's contact with Missouri—do not warrant general jurisdiction, the Court finds that they weigh in favor of specific jurisdiction in light of the connection between Defendant's contacts with Missouri and Plaintiff's claim. The fourth factor also weighs in favor of exercising jurisdiction because Missouri has an interest in providing a forum where disputes related to the

pharmaceutical license Defendant holds there may be resolved. Finally, there is no other forum that would be significantly more convenient to the parties. After considering the five-factor test, the Court finds its exercise of specific jurisdiction comports with due process.

As required by the Federal Circuit and Missouri Supreme Court, this Court has analyzed both inquiries necessary to determine personal jurisdiction. The Court finds Defendant's conduct falls within the scope of Missouri's long-arm statute. Further, the exercise of specific personal jurisdiction over the Defendant by this Court comports with the requirements of due process. Thus, the Court finds Defendant is subject to personal jurisdiction in Missouri.

### C.  Fed. R. Civ. P. 12(b)(3)

Defendant argues that venue in Missouri is improper in this case because a substantial part of the events giving rise to the action did not occur there, and Defendant has no regular and established place of business in the state. Plaintiff contends that venue is proper because Defendant is subject to personal jurisdiction in Missouri, which deems Defendant a resident for venue purposes in a patent infringement case.

"Venue in patent infringement actions is controlled exclusively by 28 U.S.C. § 1400(b)," which provides in part that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides." In re Cordis Corp., 769 F.2d 733, 734–35 (Fed. Cir. 1985). "[The] test for venue under § 1400(b) with respect to a defendant that is a corporation . . . is whether the defendant was subject to personal jurisdiction in the district of suit at the time the action was commenced." VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1584 (Fed. Cir. 1990).

As previously discussed, this Court finds it has specific jurisdiction over the Defendant. Because Defendant is subject to personal jurisdiction in Missouri, Defendant "resides" in this district within the meaning of 28 U.S.C. § 1400(b). Thus, venue is proper in Missouri.

### D.  28 U.S.C. § 1404(a)

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]" Defendant asserts that even if the Court finds venue is proper in the Western District of Missouri, the Court should transfer this case to the District of New Jersey because the convenience of the parties, the convenience of the witnesses, and the interests of justice favor transfer. Plaintiff opposes the motion in part because key witnesses are located in Missouri, and the Western District of Missouri would provide an expeditious venue.

"In general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 695 (8th Cir. 1997); see also In re Apple, Inc., 602 F.3d 909, 913 (8th Cir. 2010). "The threshold inquiry in ruling on a motion under § 1404(a) is whether this case 'might have been brought'" in the District of New Jersey. Midwest Mech. Contractors, Inc. v. Tampa Constructors, Inc., 659 F. Supp. 526, 532 (W.D. Mo. 1987). The Court finds that this case could have been brought in the District of New Jersey because Defendant—a corporation organized under New Jersey law with its principal place of business in New Jersey—resides there. 28 U.S.C. § 1391(b)(1).

Although the case might have been brought in New Jersey, on a transfer motion, the court must also "consider the convenience of the parties, the convenience of the witnesses, the interests of justice, and any other relevant factors when comparing alternative venues." Terra Int'l, Inc.,

119 F.3d at 696. "Courts . . . have recognized that [transfer] determinations require a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Id. at 691. Under the "convenience" categories, the Eighth Circuit has stated the district court may consider "(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." Id. at 696. Under the "interest of justice" category, the district court may consider "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." Id.

The Court finds the convenience of the parties and the witnesses does not weigh in favor of transfer given that the parties and relevant witnesses may be found at multiple locations across the country. The interests of justice also weigh against transfer because within the past year the Western District of Missouri has had a lower case load, a shorter case pendency time, and a lower case load per judge than the District of New Jersey. See Docs. ##13-10, 13-11, 13-12. Giving considerable deference to Plaintiff's choice of forum in the Western District of Missouri, and considering the factors as stated under § 1404(a), and Terra Int'l, Inc., the Court declines to transfer this case.

## IV. CONCLUSION

Accordingly, it is hereby

**ORDERED** Defendant Wedgewood Village Pharmacy, Inc.'s ("Wedgewood") Motion to Dismiss Complaint or in the Alternative to Transfer Venue. (Doc. #6) is DENIED.

<u>/s/ Stephen R. Bough</u>
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: <u>December 3, 2015</u>